COURT OF APPEALS OF VIRGINIA

Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


EDWARD T. RESIO, S/K/A
 EDWARD THOMAS RESIO
                                              OPINION BY
v.   Record No. 2287-97-4           JUDGE RICHARD S. BRAY
                                         APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    J. Peyton Farmer, Judge

         Gail Starling Marshall for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Edward T. Resio (defendant) appeals an order of the trial

court revoking previously suspended sentences.  Defendant contends

the trial court erred because two of the three felony convictions

that supported the revocation proceedings were later reversed by

this Court.  We affirm the revocation order but reverse the

related sentence and remand to the trial court.

                                I.

     On June 19, 1979, defendant was convicted of rape and

burglary and sentenced to a total of sixty years imprisonment,

with forty years suspended, conditioned upon fifteen years "active

supervised probation and that he keep the peace and be of good

behavior for the balance of his life."  On November 9, 1989,

defendant was released from incarceration to parole, which he successfully completed on May 1, 1991, followed by supervised probation.

While on probation, defendant was convicted for "abduction with the intent to sexually molest" (abduction) and "statutory burglary with the intent to rape" (burglary) and was sentenced on April 8, 1997, to forty-two years in the penitentiary. Defendant had previously pled guilty to a felonious firearm offense arising from his arrest on the burglary and abduction charges and sentenced to five years in prison, with four years suspended, pursuant to a plea agreement.

Following the three felony convictions, a probation official notified the local Commonwealth's Attorney that defendant had failed "'to obey all Municipal, County, State, and Federal laws and ordinances,'" a violation of "condition #1" of probation, and recommended that he "be returned to court for a . . . [related] hearing." Accordingly, on motion of the Commonwealth, the trial court ordered defendant to "show cause . . . why the remaining forty (40) years of the suspended sentence . . . imposed on June 19, 1979, should not be revoked." The related revocation hearing was conducted on September 9, 1997, and defendant appeared before the trial court, represented by counsel.

Relying solely upon the three felony convictions as the basis of the show cause, the Commonwealth introduced the attendant orders to prove the offenses. Defendant acknowledged his

probationary status and the three convictions.[1]  However, he advised the court that, although he had pursued no appeal of the firearm offense, appeals of the abduction and burglary convictions were pending before this Court and "going along real good . . . for a new trial."  No further evidence was presented to the court.

At the conclusion of the hearing, the Commonwealth argued that the "seriousness of the offenses" suggested a "pattern in . . . defendant's conduct" which "will once again endanger people" if he is permitted "to walk a free man in society for the rest of his life."  In response, defendant's counsel recognized that the court "can consider [all] convictions" but "ask[ed] the court to also consider that . . . the most serious convictions are on appeal."

The court found "from the evidence that [defendant had] violated the terms of [his] suspended sentence in that [he had] not kept the peace and been of good behavior."  Before pronouncing sentence, the trial judge admonished defendant:

> You have a felony [firearm] conviction, which is not on appeal, and you have two convictions, which are on appeal.  The Court considers them, understanding that they could be reversed.  But still, you have not complied with the terms of your suspended sentences.

The previously suspended 1979 sentences were then revoked, and the court imposed the entire suspended portion, forty years.

---

[1] Defendant also admitted a DUI conviction not in issue.

The court's "Sentencing Revocation Report" identified the abduction and burglary offenses as the "most serious new law violations," noting also that defendant had wrongfully "possess[ed] [a] firearm." The revocation order simply recited, "the court finds the defendant guilty of Violation of Probation" and imposed sentence.

Defendant subsequently appealed the order to this Court and, while his petition was pending before us, we reversed the abduction and burglary convictions that were before the trial court at the time of the revocation proceeding. Several days thereafter, we granted defendant's petition for appeal of the instant order. Defendant now argues that the "revocation relie[d] in whole or in substantial part on . . . criminal conviction[s] . . . overturned on appeal" and, therefore, must also be reversed.

## II.

Code § 19.2-306 provides, in pertinent part, that "[t]he court may, for any cause deemed by it sufficient which occurred at any time within the probation period, . . . revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court." "A revocation . . . must be based on reasonable cause but a court has broad discretion in making such a determination." Patterson v. Commonwealth, 12 Va. App. 1046, 1048, 407 S.E.2d 43, 44 (1991) (citations omitted). "To put the

matter another way, the sufficiency of the evidence to sustain . . . revocation is a matter within the sound discretion of the trial court, . . . reversible only upon a clear showing of an abuse of such discretion." Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946); see Holden v. Commonwealth, 27 Va. App. 38, 41, 497 S.E.2d 492, 493 (1998).

"It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension." Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (citation omitted). However, "[t]here is no requirement . . . that the suspension [of sentence] may be revoked only upon the conviction of a subsequent criminal offense." Slayton, 185 Va. at 365, 38 S.E.2d at 483; see Holden, 27 Va. App. at 42-43, 497 S.E.2d at 494. "[G]ood behavior is a condition of every suspension, with or without probation, whether expressly so stated or not." Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960). Thus, "[i]t seems entirely clear that . . . substantial misconduct . . . would provide reasonable cause for revocation of the suspension." Id. at 220-21, 116 S.E.2d at 273-74. Manifestly, evidence that "the trier of fact in a criminal proceeding found beyond a reasonable doubt that [a] defendant violated a state law is sufficient . . . to support" revocation of a suspended sentence, notwithstanding

the pendency of such conviction on appeal.  <u>Patterson</u>, 12 Va. App. at 1049, 407 S.E.2d at 45.

When the record fails to disclose precisely "upon what ground the [court] revoked the suspension[,] . . . [t]he presumption is that it was upon a valid finding that the [defendant] had in some manner violated the conditions of the suspension."  <u>Slayton</u>, 185 Va. at 369, 38 S.E.2d at 485 (citation omitted).  However, should the Commonwealth elect to rely solely upon a criminal conviction, without evidence of the related conduct, to establish the reasonable cause necessary to revocation, the "bare fact" of such conviction clearly becomes the basis for the revocation order. <u>See</u> <u>Preston v. Commonwealth</u>, 14 Va. App. 731, 734-35, 419 S.E.2d 288, 291 (1992).  As a consequence, the fate of the "underlying conviction will determine the outcome of [an] appeal of the revocation proceeding."  <u>Patterson</u>, 12 Va. App. at 1049, 407 S.E.2d at 45.  Should the predicate conviction be reversed or otherwise upset, the solely dependent revocation order is left without support in the evidence and subject to a challenge appropriate to its then existing status.  <u>See</u> <u>id.</u> at 1049-50, 407 S.E.2d at 45; <u>Preston</u>, 14 Va. App. at 734-35, 419 S.E.2d at 291.[2]

---

[2] In contrast, a revocation supported by evidence of acts which establish that defendant engaged in sufficiently egregious misconduct will survive the failure of any related criminal conviction.  <u>See</u> <u>Marshall</u>, 202 Va. at 221, 116 S.E.2d at 274.

Here, the petition initiating the revocation proceedings and the resulting order relied exclusively upon convictions for felonious possession of a firearm, abduction, and burglary. Although the abduction and burglary convictions were then on appeal, the trial court considered each, "understanding that they could be reversed," noting, in obvious reference to the firearm conviction, "[b]ut still [defendant has] not complied with the terms of [his] suspended sentence." (Emphasis added). Defendant does not dispute that the firearm offense, standing alone, constituted sufficient evidence to support revocation of the suspended sentences. Thus, notwithstanding the post-revocation reversal of the abduction and burglary convictions, "any [resulting] error was harmless since there were other sufficient causes," expressly recognized by the court, prompting the decision "to revoke the suspended sentences and probation." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 688 (1991).

However, the error that the later reversals visited upon the revocations also infected the attendant sentence and our resolution of that issue is more problematic. "[U]nless 'it [also] plainly appears from the record and the evidence given at the trial that' the error did not affect the [sentence]," we must reverse such sentence. Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (citing Code § 8.01-678); see Hackney v. Commonwealth, 28 Va. App. 288,

296, 504 S.E.2d 385, 389 (1998) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the [fact finder's] function, that, had the error not occurred, the verdict would have been the same." Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911. "The effect of an error on a verdict varies widely [and] . . . [e]ach case must, therefore, be analyzed individually . . . ." Id. at 1009, 407 S.E.2d at 913.

The instant record discloses that the trial court expressly considered the abduction and burglary convictions, albeit with an understanding that both were pending on appeal. The court identified the convictions as the "most serious new law violations" in the "Sentencing Revocation Report," while relegating the firearm offense to a notation. In urging the court to imprison defendant "for the rest of his life," the Commonwealth relied upon the "pattern" of defendant's criminal conduct evinced by the recent abduction and burglary convictions following the 1979 convictions for rape and burglary. Also significant, in revoking the suspended sentences, the court imposed the entire forty years.[3] Under such circumstances, we are unable to conclude that the sentence was unaffected by consideration of the reversed convictions.

---

[3] While we do not suggest that this result would have been inappropriate upon evidence of only the firearm conviction, we are unable to project that outcome without improperly speculating upon the trial court.

Accordingly, we affirm revocation of the suspended sentences but remand the proceedings for resentencing by the trial court consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>