COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


TONY LEE MYERS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1887-08-3                      JUDGE WILLIAM G. PETTY
                                                    DECEMBER 15, 2009

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                          James R. Swanson, Judge

          Lance M. Hale (Joseph T. Cockfield; Lance M. Hale & Associates,
          on brief), for appellant.

          Susan M. Harris, Assistant Attorney General (William C. Mims,
          Attorney General, on brief), for appellee.


        On July 21, 2008, the trial court revoked Tony Lee Myers' suspended sentences on

several prior convictions and resuspended all but thirty-one months of his sentences. On appeal,

Myers complains that the evidence was insufficient to establish that he violated condition four of

the terms of his probation.[1] Because the evidence clearly established that Myers was convicted

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Myers' question presented is "whether the court abused its discretion and erred in finding the existence of sufficient evidence to prove a violation of the required contact condition, being condition number four (4) of the conditions of probation, by a standard of preponderance of the evidence, which violated appellant's right to due process." Myers erroneously presumes that the trial court did not properly have before it the evidence of his petit larceny third offense conviction to which he pleaded no contest while on probation. However, the evidence of that conviction was offered and admitted into evidence by the Commonwealth without objection from the defense. To the extent that Myers argues that he was deprived of due process for insufficient notice under Code § 19.2-306, that issue is not before us because he did not timely raise that issue at trial. See Rule 5A:18. Therefore, the question before us is whether the evidence was sufficient to establish that Myers violated the terms of his probation.

of petit larceny third offense during his probation period, we conclude that the evidence was sufficient to establish that he violated the conditions of his probation. Therefore, we affirm.

I. BACKGROUND

On August 22, 2006, Myers pleaded guilty to receiving stolen property, petit larceny, and obtaining money by false pretenses. The trial court convicted Myers and sentenced him to a total of five years in prison, but suspended four years and one month on the condition that Myers be "of good behavior" and that he comply "with all of the rules and requirements set by the probation officer."

On February 22, 2007, twenty-two days after Myers was released from jail, he signed the rules and conditions of his probation after Jane Brown, his probation officer, reviewed them with him. As a part of those conditions, Myers agreed to contact his probation officer between the first and tenth day of each month. He also agreed to be on good behavior. However, the next day Myers was arrested for stealing nine cans of beer from a local grocery store. In addition, for the months of May, July, August, and October, Myers failed to contact his probation officer between the first and tenth day of the month.

On October 21, 2007, Jane Brown submitted a probation violation report, which noted Myers' pending petit larceny and failure to appear charges, but specifically listed Myers' failure to contact Brown as the basis for the revocation of his suspended sentences. On April 1, 2008, the Commonwealth's Attorney for Roanoke County notified Myers that on May 21, 2008, he would move the trial court to impose the sentence "previously taken under advisement by the Court on August 22, 2006." On the same day, the Commonwealth's Attorney filed a motion for the trial court to revoke the suspended sentences and sent notice to Myers that a hearing was scheduled for May 21, 2008 on that motion.

On May 2, 2008, Myers pleaded no contest to the charge of petit larceny third offense and the trial court accepted his plea and found him guilty. At that hearing, the assistant Commonwealth's attorney, Myers' defense attorney, and Myers asked the trial court to consolidate the sentencing hearing for his petit larceny third offense conviction and the revocation hearing on his August 22, 2006 convictions. The trial judge explained to Myers exactly what that meant, and Myers agreed.

Myers' revocation hearing and sentencing hearing both occurred on July 21, 2008. When asked if the defendant was ready, Myers' attorney representing him on the petit larceny third offense and Myers' attorney representing him on his revocation hearing both indicated that they were ready to proceed on their respective hearings. Neither attorney objected to the trial court hearing both issues at the same time.

During the revocation hearing, Jane Brown was asked whether Myers had done well on probation. She responded that "the primary reason that [she] wrote the revocation letter is . . . [because] [l]ess than a month after being released on probation, February 23rd as a matter of fact, [Myers] was arrested and charged with petty [sic] larceny subsequent offense . . . ." Brown also testified that Myers "stopped calling in" to check with her, which was required by the rules and conditions of probation. Neither of Myers' defense attorneys objected to this testimony.

The trial court then heard evidence on Myers' sentencing for his petit larceny third offense conviction. The trial court found that Myers had violated the terms of his probation and revoked his suspended sentences and resuspended all but thirty-one months to run consecutively. This appeal followed.

II. ANALYSIS

Myers argues on appeal that the evidence was insufficient to establish that he violated condition four of his probation. It is well established that

[t]he sufficiency of the evidence to sustain an order of revocation "is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion." The discretion required is a judicial discretion, the exercise of which "implies conscientious judgment, not arbitrary action."

Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960) (quoting Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946)). Thus, considering all of the evidence properly before the trial court, we hold that the evidence was sufficient to support the court's revocation of Myers' suspended sentences.

Code § 19.2-306(A) provides that "[i]n any case in which the court has suspended the execution or imposition of sentence, the court *may* revoke the suspension of sentence for *any cause the court deems sufficient* that occurred at any time within the probation period . . . ." (Emphasis added). Further, subsection (C) provides that

[i]f the court, after hearing, *finds good cause to believe that the defendant has violated the terms of suspension*, then: (i) if the court originally suspended the imposition of sentence, the court *shall* revoke the suspension, and the court may pronounce whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court *shall* revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Code § 19.2-306(C) (emphasis added).

Here, during Myers' revocation hearing, evidence was admitted into the record *without objection* that Myers had violated the conditions of his probation by failing to abide by the law and by failing to report to his probation officer as instructed. Myers pleaded "no contest" to felony petit larceny third or subsequent offense, which he committed the day after his initial meeting with his probation officer. Further, Jane Brown testified that Myers was required to report to her between the first and tenth of every month. According to Brown, Myers failed to

- 4 -

report between the first and tenth day of the months of May, July, August, and October of 2007. Each failure to report constitutes a reasonable ground for revoking Myers' suspended sentences. All of this evidence was admitted without objection, and, therefore, it was properly before the trial court.

After hearing all of the evidence, the trial court found Myers had violated the conditions of his probation because he failed to abide by federal, state, or local laws *and* because he failed to report as instructed.[2] The evidence was sufficient to support both of these findings and was therefore sufficient to justify the revocation of Myers' suspended sentences. Therefore, the trial court did not abuse its discretion.

Myers relies upon Resio v. Commonwealth, 29 Va. App. 616, 513 S.E.2d 892 (1999), to support the proposition that "[w]hen the Commonwealth relies on a narrow condition to establish the reasonable cause necessary to revoke a suspended sentence, then the Commonwealth must be held to the 'bare facts' of that condition, and the fate of the revocation hearing shall be determined by the facts or outcome of the narrow condition alleged." However, the standard discussed in Resio only applies when the "record fails to disclose precisely 'upon what ground the [court] revoked the suspension . . .'" and the Commonwealth relies solely on the existence of a conviction without also entering evidence of the underlying facts of that conviction. Resio, 29 Va. App. at 622, 513 S.E.2d at 895 (alterations in original) (quoting Slayton, 185 Va. at 369, 38 S.E.2d at 485). In that instance, "the fate of the 'underlying conviction will determine the outcome of [an] appeal of the revocation proceeding.'" Id. (quoting Patterson v. Commonwealth, 12 Va. App. 1046, 1049, 407 S.E.2d 43, 45 (1991). Because the order revoking

---

[2] While, from the bench, the trial court merely stated that Myers had violated the terms of his probation and previously suspended sentences, the sentencing revocation report—signed by the trial judge—clearly cites Myers' failure "to obey all Federal, State, and local laws and ordinances," and failure "to report as instructed" as the grounds for revocation.

Resio's suspended sentence was based solely on his underlying convictions that were reversed on appeal, a panel of this Court reversed the order revoking his suspended sentence.

Here, however, the record does disclose the grounds upon which the trial court revoked Myers' suspended sentences. Further, Myers' underlying conviction has not been challenged and has not been reversed by any court. Thus, the standards established in Resio are inapplicable to this case.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>