COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


ANDY LEWIS RALSTON, S/K/A
  ANDREW LEWIS RALSTON
                                                            MEMORANDUM OPINION[*]
v.        Record No. 1624-09-4                                 PER CURIAM
                                                              JUNE 8, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUTNY
William D. Hamblen, Judge

(John V. Notarianni; Velasquez & Associates, on brief), for
appellant.  Appellant submitting on brief.

(Kenneth T. Cuccinelli, II, Attorney General; Alice T. Armstrong,
Assistant Attorney General II, on brief), for appellee.  Appellee
submitting on brief.


        Andy Lewis Ralston argues the trial court erred in finding that he violated the terms and

conditions of his probation and in revoking a previously suspended sentence.  Ralston contends he

was already punished for noncompliance with the court-ordered substance abuse program, the

Fairfax County charges were pending at the time of the revocation hearing, and the new Prince

William County charges occurred after the expiration of his probation period.  We disagree and

affirm.

        On February 1, 2001, the trial court sentenced Ralston to three years, with two years

suspended, for driving after having been declared an habitual offender.  The trial court conditioned

the suspended sentence on several conditions, including the successful completion of a substance

abuse program under the supervision of his probation officer.  On December 9, 2008, Ralston's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

probation officer requested a show cause order because Ralston tested positive for alcohol on the last day of the court-ordered substance abuse program. The probation officer notified the trial court that as a sanction, Ralston had to re-enter the program and successfully complete it. The trial court issued a show cause order on December 16, 2008. According to the probation officer's letter, Ralston's probation was scheduled to expire on January 2, 2009.[1]

In a March 30, 2009 letter, the probation officer notified the trial court that Ralston was charged with new offenses in Fairfax County on November 20, 2008, and charged with new offenses in Prince William County on January 8, 2009. In a May 28, 2009 letter, the probation officer notified the trial court that Ralston entered Alford pleas in Prince William County for robbery, burglary, and object sexual penetration. Sentencing for the Prince William County charges was scheduled for October 1, 2009.

At a revocation hearing on June 12, 2009, Ralston admitted he had alcohol on his breath on the last day of the substance abuse program. Ralston stated to the trial court that he was seeking to withdraw his Alford pleas in the Prince William County charges and that he had not been convicted of the new Fairfax County charges. The trial court continued the revocation hearing for one week to examine the plea Ralston entered for the Prince William County charges.

At the reconvened revocation hearing on June 19, 2009, Ralston stated that the Fairfax County charges had not been adjudicated. Ralston also stated that since he was seeking to withdraw his Alford plea for the Prince William County charges, those convictions were not final for purposes of adjudicating a probation violation, which left only the allegation that he had alcohol in his system on the last day of the substance abuse program. Based upon the content of the probation officer's letters, the trial court revoked the balance of the suspended sentence for the habitual offender conviction.

---

[1] Ralston does not argue on appeal that this expiration date was incorrect.

After suspending a sentence, a trial court "may revoke the suspension of sentence for *any cause* the court deems sufficient . . . ." Code § 19.2-306(A) (emphasis added). The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" Price v. Commonwealth, 51 Va. App. 443, 448, 658 S.E.2d 700, 703 (2008) (quoting Pierce v. Commonwealth, 48 Va. App. 660, 667, 633 S.E.2d 755, 758 (2006)). "'Probation is a disposition intended to reform the offender, appropriate in mitigating circumstances or to promote the public interest. It provides an opportunity for an accused to repent and reform, which may be withdrawn for reasonable cause, determined in the sound discretion of the trial court.'" Holden v. Commonwealth, 26 Va. App. 403, 409-10, 494 S.E.2d 892, 895 (1998) (quoting Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992)).

"'There is no requirement . . . that the suspension [of sentence] may be revoked only upon the conviction of a subsequent criminal offense.'" Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) (quoting Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 483 (1946)).

Ralston has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentence. Ralston conceded he violated an express term of his probation by failing to successfully complete the substance abuse program. This conceded violation was sufficient cause for the trial court to revoke Ralston's probation.

Ralston never argued to the trial court that the sanction imposed by the probation officer — to re-enter the substance abuse program — prevented the trial court from revoking the suspended sentence. Accordingly, he waived this argument pursuant to Rule 5A:18 and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. The evidence proved that Ralston was charged with additional felonies in Fairfax County, which occurred during the probation period, but had not yet been convicted. However, there is no requirement that a revocation be based solely on criminal convictions; it may be based upon the condition of good behavior implicit in every order suspending a sentence. See Marshall v. Commonwealth, 202 Va. 217, 220-21, 116 S.E.2d 270, 273-74 (1960) (affirming a probation revocation even though the defendant was acquitted of criminal charges that occurred while he was on probation).

Ralston also failed to argue to the trial court that the pending Prince William County charges occurred after the probation period expired. Instead, Ralston argued to the trial court only that he was seeking to withdraw his Alford pleas and that he had not yet been sentenced for the charges. Accordingly, he waived this argument pursuant to Rule 5A:18 and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. The record nowhere identifies the dates of the offenses which led to the criminal charges filed in Prince William County. Nothing in the record, therefore, proves these offenses necessarily occurred after the expiration of the probationary period.

No abuse of discretion occurred in this case, and the trial court's decision revoking the balance of Ralston's suspended sentence is affirmed.

Affirmed.