COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

CLYDE MARIO HALL

                                          MEMORANDUM OPINION* BY
v.        Record No. 1664-12-1              JUDGE ROSSIE D. ALSTON, JR.
                                                 AUGUST 13, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Ryan Ruzic (John E. Robins, Jr., Deputy Public Defender;
Hampton Public Defender's Office, on brief), for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Clyde Mario Hall (appellant) appeals the disposition of his probation revocation hearing.

He contends that the trial court erred when it considered his counsel's request for a continuance

as conclusive evidence that appellant violated the terms and conditions of his probation.

Appellant also alleges that the trial court's finding that he violated the terms and conditions of

his probation is not supported by evidence adduced at trial.  For the reasons that follow, we

affirm the trial court's ruling.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

So viewed, the evidence shows that on June 17, 2008, appellant was convicted of possession of cocaine with the intent to distribute, in violation of Code § 18.2-248, and possession of ecstasy, in violation of Code § 18.2-250, and sentenced to a total of thirteen years' imprisonment, with all but two months of the sentence suspended on the two convictions. Following completion of his two-month term of imprisonment, appellant was placed on probation.

On February 24, 2012, the Circuit Court of the City of Hampton issued a rule to show cause and a capias for appellant's arrest, alleging that appellant had violated the terms and conditions of his probation, based on new convictions stemming from appellant's criminal behavior in the City of Newport News.

On August 28, 2012, the trial court held appellant's revocation hearing. At the outset of that hearing, appellant's counsel requested a continuance. He stated that "[t]he revocation is based on . . . convictions out of the City of Newport News," which appellant was appealing to the Court of Appeals, and requested that the trial court continue the revocation hearing until the Court of Appeals addressed appellant's appeal of the underlying convictions. According to appellant's counsel, holding the revocation hearing while appellant's appeal was pending placed appellant in a disadvantageous position:

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

[I]f [the revocation hearing is held] today and those convictions are reversed then [appellant] is stuck . . . with the decision of this Court and the only way he gets [to appeal this revocation matter] is a habeas petition so consequently, if the Court pleases, I'm going to ask for the Court to continue the case.

Appellant's counsel argued that a continuance would prevent such a "dilemma" without posing any threat to the Commonwealth's case: "[Appellant] is not going anywhere. He's got a total of . . . [twenty-five] years to serve on the [Newport News] convictions."

The Commonwealth objected to appellant's request for a continuance, arguing that the revocation hearing was based on the new charges against appellant in Newport News, not appellant's subsequent convictions. Thus, the Commonwealth argued, the outcome, whatever it may be, of appellant's appeal before the Court of Appeals was irrelevant to appellant's revocation hearing.

The trial court denied appellant's motion:

[Appellant] has been charged with a violation of having been convicted of a law – violation of his probation and if the trial [j]udge has already resolved that then that's the basis for the probation violation. I can't be concerned about what may or may not happen on appeal for that conviction.

Appellant asked the trial court to note his objection to the trial court's ruling. Appellant asserted that "if the convictions from Newport News are overturned on appeal . . . [and appellant] is found to be in violation today" then appellant was limited to challenging the trial court's denial of his motion for a continuance or filing for habeas corpus review.

Following the trial court's ruling on the motion to continue, the Commonwealth informed the trial court that it had failed to obtain appellant's certified conviction orders from Newport News. Notwithstanding that failure, the Commonwealth argued that the hearing should proceed because appellant stipulated to the Newport News convictions during his request for a continuance. The Commonwealth also produced a copy of the Court of Appeals' docket that

- 3 -

showed appellant's petition for appeal was received by the Court. The Commonwealth argued that that document combined with counsel's statement that appellant's Newport News convictions were on appeal to the Court of Appeals were "adequate evidence [appellant] was convicted."

Appellant then reiterated his request for a continuance, which the trial court again denied. The trial court also found that appellant had stipulated to his Newport News convictions, stating for the record as follows:

> [Appellant's counsel] did indicate that [appellant] was convicted. That's on the record. There is no – and there was no challenge to that. The only issue you wanted continued to see what the outcome of the Court of Appeals would be. I don't think that's a basis for continuing a case. That's – I just don't think that is a basis. I have to base it on the most recent conviction and you stipulated that there was a conviction.

Counsel for appellant took exception to the trial court's ruling and denied stipulating to the Newport News convictions, characterizing his statements as an argument.

Following this ruling, neither party submitted evidence pertaining to appellant's Newport News convictions, and the trial court then proceeded to argument regarding what portion of appellant's suspended sentences to revoke. "Without conceding the issue," appellant's counsel stated that "[appellant] has an active sentence of [twenty-three] years from Newport News," and requested that the trial court re-suspend the entirety of appellant's suspended sentences. The trial court revoked one year of appellant's suspended sentence for possession of ecstasy and ordered appellant to serve that time in addition to his sentence from Newport News. The trial court then re-suspended the remainder of appellant's sentence.[2]

This appeal followed.

---

[2] At some point following appellant's revocation hearing, appellant's certified conviction orders from Newport News were included in the record and designated as Commonwealth's Exhibit 1. Appellant argues that "the record . . . is silent as to how [his] certified conviction

- 4 -

ANALYSIS

The trial court found that appellant violated the terms and conditions of his probation because counsel for appellant stipulated that appellant was convicted of offenses in Newport News. On that basis, the trial court revoked appellant's suspended sentence for possession of ecstasy and sentenced appellant to serve one year in prison. Appellant challenges the trial court's holding, alleging that his attorney did not stipulate to appellant's Newport News convictions and that the evidence did not support the trial court's finding that appellant violated the terms and conditions of his probation. We disagree.

While an attorney's statements generally are not considered evidence of a fact in dispute, see generally Goin v. Commonwealth, 182 Va. 307, 28 S.E.2d 631 (1944), a party can concede a fact, see Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990), and so, too, can a party's attorney, see In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995) ("We conclude, however, that McNallen procedurally defaulted in raising the issue of willfulness because his trial counsel conceded the issue of willfulness before the bankruptcy court: 'I certainly don't dispute that [McNallen's] actions were willful.'"); see also Clary v. Commonwealth, No. 3010-00-2, 2002 Va. App. LEXIS 324, *4-5 (Va. Ct. App. May 28, 2002) (holding that defendant's "attorney's statement at trial that 'you have a check that's stolen between 5/11 and 5/22' establishe[d] that fact on appeal").[3]

Here, counsel for appellant conceded that appellant was convicted for offenses committed in Newport News by making a judicial admission of that fact during his request for a

---

orders were placed into the Circuit Court," and he requests that this Court strike the certified conviction orders from the record. Because we find, as explained below, that the trial court had conclusive proof that appellant violated the terms and conditions of his probation based exclusively on appellant's counsel's statements before the trial court, we consider this issue moot.

[3] Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f).

continuance. Crawley v. Ford, 43 Va. App. 308, 316, 597 S.E.2d 264, 268 (2004) ("'Judicial admissions are concessions made by a party during the course of litigation which bind the party and prevent contrary evidence from being introduced.'" (quoting Charles E. Friend, The Law of Evidence in Virginia, § 18-37, at 839 (6th ed. 2003))). Counsel for appellant acknowledged at the outset of appellant's revocation hearing that "[the] revocation is based on . . . [appellant's] convictions out of the City of Newport News." He then requested that the trial court continue appellant's revocation hearing in order for appellant to appeal his Newport News convictions to the Court of Appeals. Those statements were an admission of fact and "conclusively establish[ed]" appellant's convictions in Newport News. See General Motors Corp. v. Lupica, 237 Va. 516, 520, 379 S.E.2d 311, 314 (1989) ("The essence of a judicial admission is its conclusiveness. To constitute a judicial admission, the admission must conclusively establish a fact in issue."). Accordingly, because appellant's counsel conceded that appellant was convicted for offenses committed in Newport News, the trial court did not err in considering the statements by appellant's counsel as conclusive proof that appellant had violated the terms and conditions of his probation. See Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) ("Evidence that '[a] trier of fact in a criminal proceeding found beyond a reasonable doubt that [a] defendant violated a state law is sufficient . . . to support' revocation of a suspended sentence, notwithstanding the pendency of such conviction on appeal." (quoting Patterson v. Commonwealth, 12 Va. App. 1046, 1049, 407 S.E.2d 43, 45 (1991))).

In reaching this conclusion, we give no consideration to the fact that appellant's counsel denied "stipulat[ing] to anything" *after* the trial court had found that he conceded that appellant was convicted of offenses committed in Newport News. Counsel for appellant conceded the issue at the moment he admitted appellant's conviction. Because "the essence of a judicial admission is its conclusiveness," a fact once established "may not be thereafter qualified,

- 6 -

explained, or rebutted."  General Motors Corp., 237 Va. at 520, 379 S.E.2d at 314 ("[O]nce a fact has been established by a judicial admission, evidence tending to prove the fact admitted becomes irrelevant."); see Crawley, 43 Va. App. at 316, 597 S.E.2d at 268 ("'Judicial admissions are concessions made by a party during the course of litigation which *bind the party and prevent contrary evidence* from being introduced.'" (quoting Friend, supra, § 18-37, at 839)). Appellant's denial is, therefore, irrelevant to our consideration of this issue.

Because appellant's counsel conceded appellant's Newport News convictions, we find that the most learned trial judge did not err in considering counsel's statements as conclusive proof that appellant had violated the terms and conditions of his probation.

CONCLUSION

For these reasons, we find that the trial court did not err in revoking appellant's suspended sentence.

Affirmed.