UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Beales
Argued at Richmond, Virginia


LEE JEFFREY BORRAS

                                                   MEMORANDUM OPINION[*] BY

v.      Record No. 2007-15-2                      CHIEF JUDGE GLEN A. HUFF
                                                     MAY 30, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Joseph J. Ellis, Judge

Wendy B. Harris, Deputy Public Defender, for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lee Jeffrey Borras ("appellant") appeals his conviction of aggravated sexual battery, in

violation of Code § 18.2-67.3.[1] Following a bench trial in the Circuit Court of Spotsylvania

County ("trial court"), the trial court imposed a sentence of twenty years' imprisonment with ten

years suspended. On appeal, appellant raises three assignments of error:

    1.   The trial court erred by finding the evidence sufficient to
        convict Appellant of Aggravated Sexual Battery where there
        was insufficient evidence of serious mental injury.

    2.   The trial court erred by convicting Appellant of both Rape and
        Aggravated Sexual Battery when the same conduct was the
        basis for both charges. (Not preserved but presented pursuant
        to the ends of justice exception).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of rape, in violation of Code § 18.2-61, which is not at
issue in this appeal.

> 3. The trial court erred by finding Appellant guilty of the show cause, as the evidence was insufficient for a conviction on the Aggravated Sexual Battery charge.

For the reasons that follow, this Court affirms the trial court's rulings.

## I. BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

C.H. attended a party held in a mobile home shared by her coworker and appellant, with whom the coworker had a child. A variety of alcoholic beverages were available at the party, and C.H. had never "had that much to drink before." As the evening went on, her "head was hurting" and "everything was spinning" until she was "on the floor throwing up."

Another guest—also one of C.H.'s coworkers—told the group that C.H. had to work at 7:00 a.m. the next day and suggested they bring C.H. to a spare bedroom. As one of the guests began to carry her to the bedroom, C.H. objected, saying "No, I'm heavy. . . . I have mama hips." Appellant, following the two, interjected, "Well, I have that Daddy dick." The guest laid C.H. down on a sofa in the spare bedroom, and C.H. immediately fell asleep.

At some point later that night, C.H. drowsily awakened to a tugging feeling at her feet and legs. She saw a "gleam of white" in the dark room and recognized that it was appellant standing there, naked, pulling down her pants and underwear. C.H. remained in a groggy state and was unable to speak or scream—in her later trial testimony, she likened the state to "when you go to move or hit something or scream in a dream and nothing comes out." Despite her torpid state, C.H. shook her head, turned away from appellant, and "kept closing [her] legs about

three or four times and he forced them back open. I was doing this . . . and all the while he was mumbling about how he was going to 'F' me." During her trial testimony, C.H. explained what happened next:

> He came from behind me and pinned my legs down and then proceeded to rape me and all the while saying you don't want me. You don't want me. You don't want me, huh? He kept saying it behind me. At this point, it was very painful, I guess, I wasn't well lubricated. . . . Then, I guess . . . he heard someone [rustling]. He stopped. He hid in the corner. I guess maybe that's where he had his clothes. I don't know. I pulled my pants up. I rolled back to my side and I cried myself to sleep.

When another guest woke C.H. so she could get ready for work, C.H. felt frightened and was in pain. She told that guest, "I think someone messed with me last night. . . . I'm hurting." Shortly after arriving at work, C.H. "realized everything that had happened and it all hit" her, causing her to break down in tears and hyperventilate. She obtained medical attention, was examined by a sexual assault nurse examiner, and filed a police report. C.H. later testified that she suffered numerous psychological consequences as a result of the assault:

> I have had nightmares. I have had flashbacks. I went days without sleeping. I went days without eating. I would be driving and if I drove [past her former workplace], I would start to hyperventilate and have to pull over. I have been on antidepressants now and anxiety medicine. I have had panic attacks in the middle of the night where I choke on my tongue and I woke up screaming. . . . I've been in therapy [with a sexual assault counseling agency] now for the past year.

A grand jury indicted appellant for rape and aggravated sexual battery. After the Commonwealth presented evidence establishing the foregoing, appellant moved to strike the evidence on both charges. The trial court denied the motions. Appellant then presented evidence, including testifying in his own defense, after which he renewed his motions to strike. The trial court again denied the motions.

- 3 -

In its ruling, the trial court stated that it found C.H.'s "testimony to be highly credible and that her recitation of events was completely consistent with the other documentation given to the court and received into evidence." It likewise found appellant's testimony to be "highly incredible." The trial court specifically noted that it found C.H. "was sufficiently troubled psychologically that she has been injured in a ma[nn]er necessary to meet that element" of the aggravated sexual battery charge. Ultimately, the trial court found appellant "guilty [of both crimes] beyond a reasonable doubt and to a moral certainty, the highest standard known to the law."

Before the sentencing hearing, the Commonwealth moved to revoke appellant's suspended sentence of four years for a prior breaking and entering conviction based on appellant's new convictions. The trial court revoked the suspended sentence and resuspended two years, imposing two years of active time for the violation. This appeal followed.

## II. STANDARD OF REVIEW

This Court's standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (quoting Tuggle v. Commonwealth, 228 Va. 493, 510, 323 S.E.2d 539, 549 (1984)). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. Thus, this standard "gives full play to the responsibility of the trier of

fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

## III. ANALYSIS

This opinion discusses each of appellant's assignments of error in turn.

### A. Sufficiency of evidence of serious mental injury

Appellant first contends that the Commonwealth presented insufficient evidence to prove appellant caused C.H. serious mental injury and that therefore the aggravated sexual battery conviction cannot stand. For the following reasons, this argument is without merit.

As charged in this case, aggravated sexual battery is sexual abuse "accomplished against the will of the complaining witness by force, threat or intimidation, and . . . the accused causes serious bodily or mental injury to the complaining witness." Code § 18.2-67.3(A)(4)(b). Only the serious mental injury element is disputed here.

In interpreting the aggravated sexual battery statute, this Court has emphasized that the General Assembly "deliberately chose to include the modifier 'serious' to the required showing of 'bodily or mental injury,'" and as such, proof of symptoms or behaviors that "*any* victim of sexual battery, even in its misdemeanor form, might necessarily exhibit" does not rise to the evidentiary threshold the legislature established for this offense. Gozin v. Commonwealth, 59 Va. App. 1, 12, 10, 716 S.E.2d 466, 471, 471 (2011). Accordingly, this Court held that "to prove the requisite element of 'serious mental injury' to sustain a felony conviction for aggravated sexual battery, the record must reflect evidence proving a greater injury to the victim's mental health by way of the frequency, degree, duration or after-effects than that which would attend any sexual battery." Id. at 12, 716 S.E.2d at 471.

> [S]ome examples of evidence of sufficient gravity which, if traceable to the attack, could support a fact finder's conclusion that a serious mental injury has occurred include, but are not limited to, ongoing or recurring nightmares, the existence of a phobia, severe depression or

> other medically recognized psychological disorder, evidence of extensive or ongoing treatment or counseling sessions, evidence of extended and unremitting feelings of fear or anxiety, resultant difficulty with physical intimacy, or evidence depicting lost self-esteem.

Id. at 11, 716 S.E.2d at 471.

In the case at bar, the trial court specifically found that C.H. "was sufficiently troubled psychologically that she has been injured in a ma[nn]er necessary to meet" the serious mental injury element "to a moral certainty." Although the list of circumstances that could support a finding of serious mental injury set forth in Gozin is neither exhaustive nor dispositive, this Court nonetheless finds it significant that several factors enumerated there are present here. C.H. testified that she has had multiple "nightmares" and "flashbacks." She has attended weekly sexual assault counseling sessions for over a year, and was continuing to attend them as of the trial date. She testified that she would hyperventilate if she drove by her former workplace, forcing her to pull over, and that she has had "panic attacks in the middle of the night where I choke on my tongue and I w[a]ke up screaming," from which a fact finder could reasonably infer continuing anxiety. The Commonwealth's evidence thus established symptoms of serious mental injury of sufficient gravity to satisfy that element.

To the extent that appellant contends the sexual assault nurse examiner's report and other evidence undermines the gravity of C.H.'s mental injuries, that argument ignores the standard of review for sufficiency questions. It is the fact finder's role "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. As such, because the Commonwealth's evidence was sufficient for a rational trier of fact to conclude that appellant caused serious mental injury to C.H., this Court affirms appellant's conviction of aggravated sexual battery.

B. Conviction of two crimes based on the same conduct

Appellant next argues that the trial court erred in convicting appellant of both rape and aggravated sexual battery because the same conduct formed the basis for both charges. Because this argument was not properly preserved and the ends of justice exception does not apply, this Court finds appellant's second assignment of error waived under Rule 5A:18.

Rule 5A:18 provides that "no ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice," and it applies to bar even constitutional claims. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The ends of justice exception is narrow and is to be used sparingly." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). "In order to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73.

In this case, appellant has not affirmatively demonstrated that a miscarriage of justice has occurred because he does not argue that he was convicted for noncriminal conduct, and the record does not affirmatively prove that an element of either of the offenses did not occur. See West v. Commonwealth, 43 Va. App. 327, 339, 597 S.E.2d 274, 279 (2004) ("Error alone, even a violation of constitutional principles, is not sufficient to warrant application of the ends of

justice exception to Rule 5A:18.").  Accordingly, Rule 5A:18 bars consideration of appellant's second assignment of error.

## C.  Revocation of suspended sentence

Having determined that the trial court did not err in convicting appellant of aggravated sexual battery, this Court finds that appellant's third assignment of error is without merit.  The trial court relied on both the rape and aggravated sexual battery convictions in making its revocation decision, and this Court does not disturb either conviction.  "Manifestly, evidence that 'the trier of fact in a criminal proceeding found beyond a reasonable doubt that [a] defendant violated a state law is sufficient . . . to support' revocation of a suspended sentence . . . ." Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) (quoting Patterson v. Commonwealth, 12 Va. App. 1046, 1049, 407 S.E.2d 43, 45 (1991)) (alteration in original).  Accordingly, the trial court did not err in revoking appellant's suspended sentence.

## IV.  CONCLUSION

For the foregoing reasons, this Court affirms the trial court's rulings.

Affirmed.