## Norfolk
### JOHN TIMOTHY PATTERSON
v.
### COMMONWEALTH OF VIRGINIA
No. 0421-90-1
Decided July 30, 1991

COUNSEL

Andrew R. Sebok, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, we hold that a conviction for petit larceny which occurred during the period of probation is sufficient cause to support revocation of the petitioner's suspended sentence even if evidence of the facts underlying the conviction is not presented. In addition, we hold that a continuance of the revocation proceeding is not required while an appeal of the underlying conviction is pending.

In 1987, pursuant to a plea agreement, the defendant was sentenced to three years in prison for petit larceny. The trial judge suspended the sentence and placed the defendant on three years probation. Terms for probation included conditions that the defendant be of "good behavior" and "obey all Municipal, County,

State and Federal laws and ordinances." The defendant, while on probation, was arrested for petit larceny and, on October 23, 1989, was found guilty of the offense by a jury. The defendant appealed his conviction to this Court.

Less than one month after his October 23, 1989 conviction, the defendant was brought before the trial court for a show cause hearing concerning the effect of the conviction on his probation. At the hearing, defense counsel moved for a continuance "until the Court of Appeals has a chance to rule upon his appeal." The trial court denied the motion. Defense counsel argued that the defendant should not be found in violation of probation because "there are merits to the appeal and it is quite possible that the conviction will be overturned." Counsel stated, "we have no evidence, just argument." Based on evidence of the defendant's conviction by jury, the trial court found that the defendant had violated "one of the terms of his probation requiring him to obey all municipal, county, state and federal laws and ordinances." The court ordered that the defendant's previously suspended sentence be executed.

In Virginia, "[t]he court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . revoke suspension of sentence and any probation." Code § 19.2-306. A revocation of a suspended sentence must be based on reasonable cause, *Marshall v. Commonwealth*, 202 Va. 217, 220, 116 S.E.2d 270, 275 (1960), but a court has broad discretion in making such a determination, *Hamilton v. Commonwealth*, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976). Furthermore, "an alleged violation upon which revocation is based need not be proven beyond a reasonable doubt." *Id.*

The defendant argues that the evidence "is inadequate . . . to establish that appellant's probation should have been revoked." However, at the show cause hearing, there was evidence before the court that, while the defendant was serving his suspended sentence on probation, he committed petit larceny and was convicted by a jury for that offense. We find this evidence sufficient to support the trial court's finding that the defendant had violated one of the terms of his probation. It matters not, as the defendant claims, that evidence of the underlying facts of the conviction was not

presented.[1] That the trier of fact in a criminal proceeding found beyond a reasonable doubt that the defendant violated a state law is sufficient evidence to support the trial court's finding. Therefore, the trial court did not abuse its discretion in revoking the defendant's probation.

The defendant also argues that the trial court erred in refusing to grant a continuance until this court has ruled on the appeal of his October 23, 1989 conviction. Specifically, the defendant contends that if this Court reverses his conviction on the merits, the trial court's only cause for revoking his probation will no longer exist.

The decision to grant or deny a continuance in a criminal case lies within the sound discretion of the trial court. *Snyder v. Commonwealth*, 10 Va. App. 67, 70, 389 S.E.2d 727, 729 (1990). The exercise of this discretion must not "prejudice the defendant's right to a fair and impartial trial or deprive him of his constitutional right 'to call for evidence in his favor.' " *Id.* at 70-71, 389 S.E.2d at 729-30.

In applying these principles to a proceeding to revoke probation, a trial court may take steps to ensure that a defendant will not be incarcerated because of a revocation based on an improper conviction. If a defendant's suspended sentence is revoked, execution of the sentence may be postponed pending an appeal. Code § 19.2-319. In such a case, a defendant may be eligible for bail based upon appropriate considerations. *See Dowell v. Commonwealth*, 6 Va. App. 225, 229, 367 S.E.2d 742, 744 (1988).

The appeal of the underlying conviction will determine the outcome of the appeal of the revocation proceeding. While no appellate court in Virginia has addressed the significance of an appeal of a conviction upon which a probation revocation is based, other jurisdictions have. Where the criminal conviction underlying the revocation is affirmed on appeal, the appeal is considered without merit; *Roberts v. State*, 146 Ga. App. 414, 414, 246 S.E.2d 435, 436 (1978); or is considered moot; *Manos v. State*, 489 P.2d

---

[1] At oral argument, the defendant complained because the trial court refused to allow him to cross-examine a witness concerning the facts underlying his conviction. Since this issue was not presented in his brief, we do not consider it except to the extent that it relates to the sufficiency of the evidence to support the revocation. *See Rogers v. Rogers*, 170 Va. 417, 421, 196 S.E. 586, 588 (1938).

787, 787 (Okla. Crim. App. 1971). If, on the other hand, the underlying conviction is reversed on appeal, the revocation must also be reversed. *People v. Irving*, 116 Mich. App. 147, ____, 321 N.W.2d 873, 874 (1982); *Tift v. State*, 133 Ga. App. 466, 466, 211 S.E.2d 411, 411 (1974).

In this case, the appellant's petition for appeal of the underlying conviction has been denied by this court, and no further appeal has been sought. Therefore, the appeal of the revocation of the appellant's suspension of sentence is moot.[2] The judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.

---

[2] Since the underlying conviction was not reversed, we do not address under what circumstances such a reversal would require a reversal of the revocation of a suspended sentence.