## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Stephen Lamar White

January 16, 1992

Case Nos. 85–225 and 86–81

BY JUDGE JAY T. SWETT

The issue before me is whether this Court has jurisdiction to hear the defendant's motion to reconsider two orders which revoked previously suspended sentences. The Commonwealth argues that the orders in cases 85–225 and 86–81 entered on July 13, 1990, are final and this Court is without authority to review or change them. The defendant presents a number of persuasive arguments to support his position that a review of these orders is properly within the jurisdiction of this Court. Because of the importance of this issue and the absence of any clear authority one way or the other, a statement of the facts and an explanation of my ruling are appropriate.

Pursuant to a plea agreement, the defendant pleaded guilty to one count of statutory burglary (No. 86–81–1), one count of breaking and entering (No. 85–225–1), and one count of robbery (No. 85–225–2). Pursuant to the agreement, a sentence of twenty-three years was imposed with fifteen years suspended on several terms, one of which was to be of good behavior for a period of ten years following release from incarceration. In May of 1988, the defendant was released on parole and placed on supervised probation pursuant to the sentencing order.

While on supervised probation, the defendant was charged with rape. He was found guilty by a jury (Indictment No. 89–501) and on June 12, 1990, was sentenced to a term of twelve years in the penitentiary in accordance with the jury verdict.

In July of 1990, the office of the Commonwealth's Attorney requested a probation revocation hearing in cases 85–225 and 86-81.

The hearing was held on July 13, 1990. The evidence presented was testimony from the defendant's probation officer. It consisted of a recitation of the defendant's June 12, 1990, rape conviction and that such a conviction violated the conditions of the suspended sentence in cases 85–225 and 86–81. At the conclusion of the hearing, this Court found that the defendant had violated the terms of his probation and reimposed the fifteen year suspended sentence. At the time of the July 13, 1990, hearing, the defendant had filed a notice of appeal in case 89–501. After this Court announced its decision revoking the previously suspended fifteen years in cases 85–225 and 86–81, the defendant took no further action. No request was made to suspend imposition of the imposed sentence, nor did the defendant file a notice of appeal.

On October 9, 1991, the Court of Appeals of Virginia entered an order reversing the rape conviction in case 89–501 and remanded the case to this Court for retrial. That case is presently set for trial on February 25, 1992. On December 9, 1991, the defendant's probation officer alerted this Court that the rape conviction in case 89–501 had been the only basis for the revocation of the fifteen year suspended sentence in cases 85–225 and 86–81. Based on that letter, this Court scheduled a hearing to determine whether the revocation of the previously suspended fifteen years should be reviewed since the rape conviction had been reversed. At the hearing, the Commonwealth raised the issue of this Court's jurisdiction. I took the matter under advisement. Having reviewed the authorities you submitted, it is my conclusion that this Court does lack jurisdiction to review the July 13, 1990, orders in indictments 85–225 and 86-81.

My conclusion that I am without jurisdiction to amend the July 13, 1990, orders is not made without some reservations. The hearing on July 13, 1990, was conducted under unusual if not difficult circumstances. At the beginning of that hearing, the defendant's attorney advised the Court that the defendant did not want to be present during the probation violation hearing on the grounds that the rape conviction was racially motivated and that he did not want to appear in court again. The defendant was then brought into court, and he affirmed that he did not want to appear during the hearing. Mr. White was then taken back to the lockup at which time his attorney, Mr. Brian P. Lindquist, stated to the Court that Mr. White had directed that Mr. Lindquist do nothing in Mr. White's defense during the pro-

bation violation hearing. I then stated on the record that it was my conclusion that Mr. White understood the purpose of the hearing and had waived his right to be present during the hearing.

The hearing then proceeded. In his opening statement, Mr. Zug stated that the Commonwealth's request to revoke the previously suspended sentence was based on the rape conviction in case 89–50 and that it violated the conditions of good behavior that were part of the sentencing orders in cases 85–225 and 86-81. The only evidence presented by the Commonwealth was testimony from a probation officer establishing that a condition of White's suspended sentence was that the defendant be on good behavior by obeying all county, state, and federal laws and that a rape conviction constituted a violation of that term of probation. I then found a probation violation and reimposed the fifteen year previously suspended sentence.[1]

Having reviewed the transcript of the July 13, 1990, probation violation hearing, it is clear that the sole basis for the revocation of the suspended sentence was the fact that White had been convicted of rape in case No. 89–501. The Commonwealth's argument that there were other grounds to justify the imposition of the suspended sentence is without merit.

Under the recent Court of Appeals decision in *Patterson v. Commonwealth*, 12 Va. App. 1046 (1991), the reversal of the underlying rape conviction on appeal would normally require a reversal of the decision to revoke the previously suspended time. In *Patterson*, the defendant was convicted of petty larceny. This conviction resulted in a probation violation hearing and was the basis for a revocation of a previously suspended sentence imposed on the defendant. The defendant appealed the petty larceny conviction but also appealed the revocation of the suspended sentence. The defendant's appeal of the petty larceny conviction was denied, resulting in the appeal of the revocation becoming moot. However, the Court of Appeals stated unequivocally that had the underlying petty larceny conviction been reversed, the revocation of the previously suspended sentence would also require reversal.

Here, the July 13, 1990, order in these two cases was not appealed. The imposition of the sentence was neither suspended nor subject to

---

[1] To further complicate the matter, the attorney who represented Mr. White at that hearing has since given up his license to practice law, having been found guilty of a felony.

further review once it became a final order under Rule 1:1. And, while it is true that there are exceptions to the finality requirements expressed in Rule 1:1, the Court does not find that those exceptions are applicable here. More specifically, under § 8.01–428 there was no fraud upon the Court, nor can it be seriously argued that the judgment orders are void. The defendant had notice of the probation violation hearing, was represented by counsel, chose not to appear during the hearing, and evidence was presented that supported the decision to revoke the previously suspended sentence. The only other ground to set aside the judgment provided in § 8.01–428 would be a clerical mistake which is not asserted here.

The Court is not unaware of the ramifications of its finding. As pointed out in defendant's brief, if the defendant is acquitted of the rape charge at the February trial, he will still face a fifteen year sentence that, in retrospect, was imposed based on what turns out to be an erroneous finding of guilt. Nevertheless, this Court concludes that it is powerless to review the orders.

Accordingly, the Court finds that it is without jurisdiction to review the July 13, 1990, orders. The Commonwealth's Attorney is requested to prepare an appropriate order dismissing the defendant's request for a review of the July 13, 1990, orders on the grounds of lack of jurisdiction. The objections of the defendant are noted and should be reflected in the order.