COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


ANTHOINE PLUNKETT, S/K/A
 ANTOINE PLUNKETT

v.   Record No. 3002-99-3

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION* BY
                                          JUDGE ROBERT J. HUMPHREYS
ANTHOINE PLUNKETT                              DECEMBER 19, 2000

v.   Record No. 0257-00-3

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

              Brian H. Turpin (Law Offices of Brian H.
              Turpin, on brief), for appellant.

              Amy L. Marshall, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Anthoine Plunkett appeals his conviction, after a bench

trial, of one count of possession of a controlled substance with

intent to distribute.  Plunkett contends that the trial court

erred in finding the evidence sufficient to establish that he had

the requisite knowledge of the nature, character and location of

the drugs and that he had actual or constructive possession of the

drugs.  In a separate appeal to this Court, Plunkett contends that

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the trial court erred in subsequently revoking his suspended sentence for a prior drug-related offense.[1]  We dispose of both appeals in this memorandum opinion.

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975) (citation omitted).

"In order to convict a defendant of 'possession' of a narcotic drug . . . it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970).  However, "[p]ossession [of drugs] may be actual or constructive.  Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and

---

[1] Although Plunkett's appeals have not been formally consolidated, due to their interrelated nature, we dispose of both matters in this decision.

-

control.'"  *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

> The applicable law is summarized in *Womack v. Commonwealth*, 220 Va. 5, 255 S.E.2d 351 (1979).  Constructive possession may be shown by establishing that the [contraband] was known to and subject to the dominion and control of the accused.  Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused.  Mere proximity to the controlled substance, however, is insufficient to establish possession.  Nevertheless, the possession need not be exclusive.

*Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).  "Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  *Burchette v. Commonwealth*, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted).

Here, the evidence established that Plunkett was found on the premises of the residence belonging to Angela Wilson, although outside the house, when the police arrived to execute the warrant.  In addition, Plunkett's daughter was inside the house when the police arrived.  However, the police also found three other men inside the house.  One was found in the front room, sitting on the couch.  Another was found sitting at a table which was located "just outside the bathroom."  The third

-

male was found in the bathroom, with the toilet refilling as if it had just been flushed.

The police found a gym bag on the floor in the front room. It was "cinched" shut when the police initially found it. Inside the bag's main compartment were the following items: 1) a letter addressed to Plunkett from an attorney; 2) sales receipt information in Plunkett's name; 3) a First State Bank bag; 4) some checkbooks and banking information in Plunkett's name; 5) a deposit ticket in the name of Angela Wilson; 6) a deposit ticket in the name of David Hamlett; 7) a watch; 8) latex gloves; 9) a digital scale; and 10) a Crown Royal bag containing 33.48 grams of cocaine. In the side compartments of the bag, officers found Plunkett's wallet, containing his driver's license, social security card and other identifying information. They also found two cameras.

Plunkett ran from the scene once the officers tried to detain him. When asked for identification, Plunkett waved toward the gym bag, indicating that he knew his wallet and/or identification were in the bag.

The Commonwealth argues that these circumstances prove Plunkett had knowledge of the drugs in the bag and that they were subject to his dominion and control. We disagree.

We have previously held that the fact that a suspect's personal items are found in close proximity to contraband does not, in and of itself, establish ownership, knowledge or

-

possession.  See Burchette, 15 Va. App. at 437-38, 425 S.E.2d at 85 (the fact that some of defendant's personal possessions were found in the vehicle during the search establishes, at most, that he had, at some point in time, been in the vehicle; that evidence does not establish that he had been in the vehicle when the contraband was present);  See Drew v. Commonwealth, 230 Va. 471, 472-74, 338 S.E.2d 844, 845-46 (1986) (evidence that defendant's checkbook, bank statement, telephone bill, driver's license, vehicle registration, and credit union voucher were found in house in which large amounts of cocaine were discovered was held insufficient to support conviction for constructive possession).

Here, Plunkett denied knowledge of the contents of the bag. Other than the fact that Plunkett's personal items were found in the bag, there was no evidence that Plunkett had access to the bag, or that the bag was ever subject to his possession and/or dominion and control.  In fact, witness Angela Wilson testified that the bag belonged to her and claimed that she put the items belonging to Plunkett, as well as the deposit tickets belonging to herself and David Hamlett, in the bag.  She denied knowledge of the contents in the bag related to the drugs.

Despite the above, Plunkett's flight from police does provide some evidence of guilty knowledge.  His possession of items associated with drug use and distribution (such as the pager and the large sum of cash) are also factors to be

-

considered by the trier of fact. Yet, these factors alone do not establish guilt. See White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc); see also Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), affirmed 257 Va. 433, 513 S.E.2d 137 (1999); Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991).

While it is true that in resolving questions of possession, a court must consider "the totality of the circumstances disclosed by the evidence," the evidence here, even combined, simply does not relate Plunkett with the drugs in the gym bag. See Womack, 220 Va. at 8, 255 S.E.2d at 353. At most, the evidence establishes a suspicion that Plunkett knew about the drugs and/or had some degree of dominion and control over the gym bag and its contents. "Suspicious circumstances no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty." Burchette, 15 Va. App. at 437-38, 425 S.E.2d at 85 (citations omitted).

Furthermore, the fact that Plunkett nodded toward the bag when asked for identification establishes only that Plunkett knew his wallet and/or identification was in the bag. It does not establish that the bag was his, nor that he had knowledge, dominion, or control over the bag and its contents.

As we held in Burchette, "[this] evidence simply does not exclude the very real possibility that . . . someone other than [Plunkett] used or had access to the [gym bag] and had left the

-

drugs there unbeknownst to him. . . . The evidence does not exclude every reasonable hypothesis of innocence." Burchette, 15 Va. App. at 438, 425 S.E.2d at 85. "When, from the circumstantial evidence, it is just as likely, if not more likely, that a reasonable hypothesis of innocence explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt. The Commonwealth need not exclude every possible theory or surmise, but it must exclude those hypotheses which flow from the evidence itself." Haskins v. Commonwealth, 31 Va. App. 145, 151, 521 S.E.2d 777, 780 (1999) (citations omitted).

Thus, we hold that the Commonwealth failed to carry its burden of proof with regard to both the elements of knowledge and possession. Because knowledge and possession are essential elements of the crime with which Plunkett was charged, we reverse the conviction and enter final judgment dismissing the indictment.

In a separate but related appeal, Plunkett argues that the trial court erred when it subsequently revoked his suspended sentence for a prior drug conviction. Plunkett argues that the trial court erred because it was required to continue the revocation matter pending the outcome of his appeal. We disagree with Plunkett's contention.

"[In] a proceeding to revoke probation, a trial court may take steps to ensure that a defendant will not be incarcerated

-

because of a revocation based on an improper conviction.  If a defendant's suspended sentence is revoked, execution of the sentence may be postponed pending an appeal.  [However,] the decision to grant or deny a continuance in a criminal case lies within the sound discretion of the trial court."  Patterson v. Commonwealth, 12 Va. App. 1046, 1049, 407 S.E.2d 43, 45 (1991).

Accordingly, we affirm the trial court's decision on this basis.  However, in light of our decision to reverse and dismiss the underlying conviction, we remand this matter to the trial court for further proceedings consistent with that decision. See id. at 1049-50, 407 S.E.2d at 45 (if, on appeal of a revocation proceeding, the underlying conviction is reversed, the revocation must also be reversed).

> Record No. 3002-99-3,
> reversed and dismissed.

> Record No. 0257-00-3,
> affirmed and remanded.

-