## VIRGINIA:

PUBLISHED

*In the Court of Appeals of Virginia on* **Tuesday** *the* **8th** *day of* **February, 2022**.

Jerrod Max Palmer,                                                        Appellant,

 against             Record No. 0977-21-1 (Bond Appeal)
                            Circuit Court No. CR21000261-00

Commonwealth of Virginia,                                          Appellee.

From the Circuit Court of Gloucester County

Before Judges Russell, Raphael and Senior Judge Clements

(Michael T. Soberick, Jr.; Dusewicz & Soberick, on brief), for appellant.

(Mark R. Herring, Attorney General;[1] Susan Brock Wosk, Assistant
Attorney General, on brief), for appellee.

Under Code § 19.2-124, appellant challenges the circuit court's order denying his motion to be admitted to pre-trial bail. For the following reasons, we dismiss the appeal as moot.

On September 9, 2021, the circuit court denied appellant's motion to be admitted to bail pending trial on charges of trespassing and possession of a Schedule I or II controlled substance. On October 27, 2021, this Court awarded appellant an appeal from the circuit court's judgment. Nevertheless, on November 16, 2021, appellant waived the grand jury indictment and pleaded guilty to both charges. By order entered December 8, 2021, the circuit court convicted appellant of the charges and continued the matter to February 14, 2022 for sentencing.

"[A]ppellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." *Bristol Dep't of Soc. Servs. v. Welch*, 64 Va. App. 34, 42 (2014) (quoting *Baldwin v. Commonwealth*, 43 Va. App. 415, 421 (2004)). "The issues presented must be 'live' at all stages of review." *Id.* Moreover, even "when the parties

---

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

do not raise the issue of mootness, appellate courts should raise the issue *sua sponte* when the record does not present a live case or controversy." *Id.* at 43 (quoting *Baldwin*, 43 Va. App. at 421-22). Accordingly, if "an event occurs" pending appeal from a lower court judgment that "renders it impossible . . . to grant [appellant] any effectual relief," this Court must "dismiss the appeal." *Hankins v. Town of Virginia Beach*, 182 Va. 642, 644 (1944) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The United States Supreme Court has held that a criminal defendant's request for pre-trial bail became moot when he was convicted of the charges because "even a favorable decision . . . would not have entitled [him] to bail." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Similarly, in this case, appellant's request for pre-trial bail became moot when the circuit court convicted him of the charged offenses because, even if we agreed with him on appeal, we could not afford him any relief from the challenged order.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, this appeal no longer presents a live controversy and is dismissed as moot.

———————————

Raphael, J., concurring:

I agree that this pretrial-bond appeal by Jerrod Max Palmer became moot when Palmer pleaded guilty to the felony and misdemeanor charges on which he continues to be held without bail, pending sentencing. The majority finds this appeal moot based on *Murphy v. Hunt*, 455 U.S. 478 (1982). A panel of this Court has previously cited *Murphy* in an unpublished memorandum opinion for the same mootness proposition.[2] I write separately because I do not believe that *Murphy* alone explains why this appeal has been mooted.

The civil-rights plaintiff in *Murphy,* Hunt, was charged with various sexual-assault offenses under Nebraska law, which restricted bail in cases involving first-degree sexual offenses like his. *Id*. at 479-80.

———————————

[2] *See Forbes v. Commonwealth*, Nos. 0699-04-3, 0713-04-3, at *11 (Va. Ct. App. June 14, 2005). "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f)." *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012).

When Hunt was denied pretrial release, he sued the trial judge under 42 U.S.C. § 1983, claiming that Nebraska's bail restrictions "violated his federal constitutional rights to be free from excessive bail and cruel and unusual punishment, to due process and equal protection of the laws." *Id*. at 480. While Hunt's civil-rights suit was pending, however, Hunt was convicted in the criminal case and "sentenced to consecutive terms of 8-15 years in prison" on one set of charges and "12-15 years" on another charge. *Id*. The Supreme Court held that "Hunt's claim to *pretrial* bail was moot once he was convicted . . . because even a favorable decision on it would not have entitled Hunt to bail." *Id*. at 481-82.

Unlike the defendant in *Murphy*, Palmer has been convicted but not yet been sentenced. He has been held in jail without bond since August 27, 2021, and his bond appeal has been pending here since Palmer petitioned for appeal on October 15, 2021.[3] Palmer is not scheduled to be sentenced until February 14, 2022, after a presentence investigation. So assuming for argument's sake that Palmer's bail request was well-founded when made, one can reasonably ask why this matter does not still present a live controversy. In other words, if Palmer is correct that he was entitled to bail, then why isn't he entitled to be released on bond *before* sentencing?

The answer comes from Code §§ 19.2-119, 19.2-120, and 19.2-124—the statutes authorizing Palmer's bail appeal in this case—which make clear that "bail" in this particular context means release *before trial*.

---

[3] The disposition of this appeal was prolonged because it was not brought as a motion under Rule 5A:2(b), which provides a streamlined and expedited procedure for appellate review of pretrial-bail orders. Instead, this appeal was brought by petition for appeal under the pre-2022 version of Code § 17.1-406(A). A judge of this Court granted the petition for appeal on October 27. The opening brief was filed on November 18, and the Commonwealth filed its brief in opposition on December 9. The papers in the case did not reveal, however, whether Palmer had already been tried or convicted. Accordingly, on December 13, this Court *sua sponte* issued a writ of certiorari to the clerk of the circuit court to forward orders issued by the trial court after the record was first sent here last September. Those papers were not received until January 12, 2022, revealing Palmer's guilty plea and conviction.

Rule 5A:2(b), which concerns motions for review of pretrial-bail orders, provides a speedier vehicle for reviewing a circuit court's ruling. The party seeking review of a "pre-trial bail" determination simply files a motion with this Court under that rule. *Id*. Because the rule requires the movant to attach the relevant papers from the record, it obviates the need to issue a writ of certiorari to ensure completeness. Such motions receive expedited treatment compared to traditional appeals: "[o]pposing counsel may have 10 days after such motion is filed to file . . . a response to such motion, but this Court may act before the 10 days expire, if necessary." Rule 5A:2(a)(2).

Code § 19.2-119 says that *bail*, "[a]s used in" that chapter, "means the *pretrial* release of a person from custody upon those terms and conditions specified by order of an appropriate judicial officer." (Emphasis added). Consistent with that focus on *pretrial* release, Code § 19.2-120 provides that a "criminal defendant 'shall be admitted to bail' *while awaiting trial* unless the court finds probable cause that '[h]e will *not appear for trial* . . . as directed' or '[h]is liberty will constitute an unreasonable danger to himself or the public.'" *Commonwealth v. Davis*, 73 Va. App. 711, 717-18 (2021) (emphasis added) (quoting Code § 19.2-120(A)). Code § 19.2-124(A) provides that a "bail decision made by a judge of a court may be appealed successively by the person to the next higher court, up to and including the Supreme Court of Virginia." Because bail in the context of these provisions means release before trial, Palmer's guilty plea and conviction necessarily moot this appeal.

Release on bail before trial is different from release following conviction and pending sentencing or appeal. To understand why, it helps to return to first principles. Article I, § 9 of the Virginia Constitution provides that "excessive bail ought not to be required," language that remains unchanged from Virginia's Declaration of Rights in 1776. 1 A.E. Dick Howard, *Commentaries on the Constitution of Virginia* 151 (1974). That language "reappeared almost verbatim" as the Eighth Amendment in the federal Bill of Rights. *Id.* at 150. The original text was borrowed from the English Bill of Rights of 1689. *Id.*

But release pending trial has been treated very differently throughout our history compared to release after conviction. In 1785, the Virginia General Assembly provided that "[no] person shall be bailed after conviction of a felony." 1785 Va. Acts ch. 80, § 2. More than a century later, the United States Supreme Court held that there is no federal constitutional right to release pending appeal from a state criminal conviction. *McKane v. Durston*, 153 U.S. 684, 687-88 (1894). The Court said that, "whether an appeal should be allowed, and, if so, under what circumstances, or on what conditions, are matters for each state to determine for itself." *Id.* at 688; *see also Jones v. Commonwealth*, 293 Va. 29, 51 n.25 (2017) ("It is wholly within the discretion of the State to allow or not to allow such a review." (quoting *McKane*, 153 U.S. at 687)).

-4-

It was not until 1916 that the General Assembly first enabled defendants *after conviction* to seek bail pending appeal. *See* 1916 Va. Acts ch. 198, codified at Va. Code Ann. § 4930 (1918).

The current provision governing release after conviction is found in Code § 19.2-319. "Unlike Code § 19.2-120[,] which governs pre-conviction bail, Code § 19.2-319 contains no general standards by which the exercise of discretion to grant or deny post[-]conviction bail may be measured." *Dowell v. Commonwealth*, 6 Va. App. 225, 228 (1988). *Dowell* observed that "'post-conviction bail is generally less liberally accorded than in the pretrial stage.'" *Id*. (citation omitted). Even so, "the statute requires the trial judge to exercise 'not an arbitrary discretion, but a sound judicial discretion.'" *Id*. at 228-29 (quoting *Judd, No. 2 v. Commonwealth*, 146 Va. 276, 277 (1926)); *see also id.* at 229 (discussing relevant considerations under Code § 19.2-319). And unlike an appeal under Code § 19.2-124 seeking *pretrial* release—which is necessarily mooted after trial and conviction—a *post*-conviction appeal seeking release under § 19.2-319 is not mooted unless the conviction and sentence are affirmed on appeal. *See Sowers v. Commonwealth*, 49 Va. App. 588, 594 n.1 (2007); *Patterson v. Commonwealth*, 12 Va. App. 1046, 1049 (1991); *cf. Murphy*, 455 U.S. at 481 n.5 ("In short, the fact that Hunt may have a live claim for bail *pending appeal*, does not save from dismissal his now moot claim to *pretrial* bail.").

Because Palmer's appeal here seeks only pretrial release, Palmer's conviction requires that this appeal be dismissed as moot.

---

It is ordered that the trial court allow counsel for the appellant a fee of $725 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

This order shall be published and certified to the trial court.

A Copy,
  Teste:

      A. John Vollino, Clerk
      *original order signed by a deputy clerk of the*
   By: *Court of Appeals of Virginia at the direction*
      *of the Court*
      Deputy Clerk