UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Causey and Friedman
Argued at Norfolk, Virginia


MICHAEL TINK LANE

MEMORANDUM OPINION[*] BY
v.        Record No. 0455-22-1           JUDGE DORIS HENDERSON CAUSEY
FEBRUARY 28, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge[1]

Meghan Shapiro, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Tanner Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Michael Tink Lane, appellant, challenges the revocation of his previously suspended

sentence and contends that the trial court arbitrarily sentenced him to two years of incarceration.

He also argues that the court erred in imposing a period of indeterminate supervised probation in

violation of Code § 19.2-303.  We hold that the trial court's rulings were not an abuse of

discretion and affirm the judgment.

BACKGROUND

Appellant was convicted in July 2012 of possession of a Schedule I or II controlled

substance, felony hit and run, and felony driving while a habitual offender.  He was sentenced to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Rufus A. Banks, Jr., presided over appellant's revocation hearing on March 9, 2020.  Judge MacDonald presided over the hearing on December 20, 2021, and sentenced appellant.

fifteen years of imprisonment with ten years suspended. In October 2017, appellant's suspended sentence for possession of a controlled substance was revoked and resuspended after he was found to have violated the terms of his probation by failing to pay restitution.

On November 4, 2019, appellant's probation officer submitted a major violation report stating that appellant had violated probation Condition 6 by failing to report to his probation officer on October 29, 2019, and Condition 11 by absconding. The report also noted that on December 18, 2018, appellant was charged with possession of heroin, possession of drug paraphernalia, and two counts of failure to appear; his status was listed as "fugitive" on those charges. The trial court issued a capias for appellant on November 14, 2019, which was executed on January 8, 2020.

At the revocation hearing on March 9, 2020, appellant pleaded guilty to violating Conditions 6 and 11. He asked the trial court to continue the case for sentencing until after his scheduled trial date of March 30, 2020, for the pending December 2018 charges. The court found that appellant had violated probation and continued the case to May 6, 2020.

Appellant's case was continued numerous times because the trial of his pending 2018 charges was not held until November 5, 2021. Appellant's probation officer filed additional reports on January 7, 2021, February 24, 2021, March 16, 2021, and July 30, 2021, each stating the continued trial date for appellant's pending charges and noting that, if convicted, he would be in violation of Condition 1, failure to follow state law. On November 8, 2021, the probation officer reported that appellant had been convicted of possession of heroin and possession of drug paraphernalia and sentenced to a total of five years and twelve months of incarceration with five years and six months suspended.

At the revocation hearing on December 20, 2021, appellant admitted that he had violated Condition 1 of his probation. The trial court found appellant in violation, revoked his previously

suspended ten-year sentence and resuspended eight years, leaving an active sentence of two years. The trial court also stated that upon appellant's release, he "will be required to participate in an indeterminate period of time on probation—the law now limits that to [five] years—and [five] years of good behavior." The final revocation order, however, stated that the length of supervised probation was for "an indeterminate period." This appeal follows.

ANALYSIS

Standard of Review

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.* To the extent statutory interpretation is required, our review is de novo. *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022).

Revocation of Sentence

Appellant first argues that the trial court erred by finding him guilty of a probation violation that was "based solely on an order of conviction" that was then being appealed to this Court and imposing a sentence for that violation.[2] We disagree.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). A trial court may use a conviction pending on appeal as grounds to revoke a suspended sentence, *Patterson v.*

---

[2] *Lane v. Commonwealth*, No. 1363-21-1, 2022 WL 16824777 (Va. Ct. App. Nov. 9, 2022). We note that appellant told the trial court that he did not dispute the new findings of guilt and did not inform the court that he had appealed the convictions. This Court affirmed appellant's underlying convictions in November 2022 and also denied rehearing en banc.

*Commonwealth*, 12 Va. App. 1046, 1047-48 (1991), even though a subsequent reversal of the appealed conviction may affect the revocation proceeding, *Resio v. Commonwealth*, 29 Va. App. 616, 622 (1999).

Here, we hold that the trial court did not err in basing its finding that appellant violated probation on appellant's new convictions.

Sentencing Discretion

Appellant next contends that the trial court abused its discretion in sentencing him to serve two years of incarceration. Specifically, appellant asserts that: the court (1) arbitrarily refused to run his sentence concurrently with the sentence for his underlying conviction; (2) arbitrarily imposed incarceration to "protect[] him from the presence of fentanyl in the community," even though he had not used heroin for several years; and (3) failed to meaningfully consider his mitigating circumstances, "including his age, the deleterious effect of incarceration on his physical and mental health, and the extremely aggravated circumstances he had already had in confinement."

Under the revocation statute applicable to appellant's case,[3] once the trial court found that appellant had violated the terms of his suspended sentence, the court had to revoke the suspension, leaving the originally imposed sentence in "full force and effect." Code § 19.2-306(C)(ii). The court was permitted—but not required—to resuspend all or part of the

_____

[3] Code § 19.2-306(C) was amended effective July 1, 2021, to require that a new sentence following a revocation be imposed in accordance with the provisions of Code § 19.2-306.1, which distinguishes categories of violations and sets limitations on the sentences to be imposed. *See* 2021 Va. Acts Spec. Sess. I ch. 538. This Court recently held that the statutory amendment did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green*, 75 Va. App. at 85. Appellant argues in his third assignment of error that his violation of Condition 1 occurred after July 1, 2021; but even under the amended statute, a trial court has discretion to impose the balance of a previously suspended sentence when, as here, a probationer receives a new criminal conviction during the suspension period. *See* Code § 19.2-306.1(B).

- 4 -

sentence. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). A sentence that complies with the prescribed statutory scheme "will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). However,

> [a trial] court abuses its discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; [or] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Slusser v. Commonwealth*, 74 Va. App. 761, 774 (2022) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Here, the trial court's sentence complies with the prescribed statutory scheme—under Code § 19.2-306(C), the court may resuspend all or part of the sentence. The trial court here decided to resuspend all but two years of the sentence, as it was permitted to do by statute. Thus, we hold that the trial court did not abuse its discretion by imposing two years of appellant's previously suspended sentence. However, we address below each of appellant's specific arguments as to how the trial court erred during the sentencing process.

*Failure to Run Sentences Concurrently*

Whether to run a defendant's sentences concurrently or consecutively falls within the trial court's discretion. *See* Code § 19.2-308 (providing that when any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by the court); *Brown v. Commonwealth*, 284 Va. 538, 542 (2012). "There is no general requirement that trial courts must state for the record the reasons underlying their decisions." *See Shannon v. Commonwealth*, 289 Va. 203, 206 (2015).

Stating that the trial court gave no reason for its decision to impose a consecutive sentence, appellant argues that the court's decision was arbitrary. The court, however, did not

have to state a reason. The record does not support a finding that the court acted arbitrarily. Thus, we hold that the trial court did not abuse its discretion in failing to run the sentences consecutively.

*Imposition of Incarceration Based on Erroneous Finding of Fact*

Appellant contends that the trial court arbitrarily imposed incarceration to "protect[] him from the presence of fentanyl in the community" even though he had not used heroin for several years.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

Although appellant insisted he was no longer using heroin, he admitted that he had a drug problem in 2011 and had "touched" the bag of heroin involved in the 2018 offense. The trial court stated that appellant had "no business being around [heroin]" and appellant knew he should not be around heroin. But the court did not find that appellant was using heroin again. The record shows that the trial court was concerned for appellant's overall well-being and encouraged him to take advantage of any mental health or drug counseling programs that might be beneficial to him. We thus conclude that the court considered various factors in sentencing appellant and did not arbitrarily impose incarceration to protect him from fentanyl.

*Failure to Consider Mitigating Circumstances*

Appellant also argues that the trial court failed to give meaningful consideration to his mitigating circumstances. We disagree.

"[E]very act of a court of competent jurisdiction is presumed to have been rightly done." *Esparza v. Commonwealth*, 29 Va. App. 600, 609 (1999) (citing *Samuels v. Commonwealth*, 27

Va. App. 119, 129 (1998)).  "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence."  *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation."  *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008).  "Criminal sentencing decisions are among the most difficult judgment calls trial judges face."  *Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Id.*

Here, in determining an appropriate sentence, it was within the trial court's purview to consider the mitigating factors appellant presented, including his age, health, and past experiences while incarcerated.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  But the court also could consider appellant's criminal history, his prior drug use, and the nature of his probation violations.  The trial court, having weighed all the circumstances, imposed the sentence it deemed appropriate, and as noted above, this sentence complies with the prescribed statutory scheme.  Thus, we hold that the trial court did not abuse its discretion.

<u>Period of Supervised Probation</u>

Appellant's third assignment of error alleges that the trial court erred by sentencing him to an indeterminate period of supervised probation in violation of Code § 19.2-303.  Effective July 1, 2021, the General Assembly amended Code § 19.2-303 to provide that "[a]ny period of supervised probation shall not exceed five years from the release of the defendant from any active period of incarceration."  2021 Va. Acts Spec. Sess. I ch. 538.  Appellant argues that the amendment applies to his case because the underlying criminal convictions giving rise to the

Condition 1 violation did not occur until after July 1, 2021.  Alternatively, he argues that even if the proceedings began earlier than July 1, 2021, Code § 19.2-303 is procedural in nature and thus applied to his case.  Assuming, without deciding, that appellant preserved this argument under Rule 5A:18, we hold that the trial court did not err because the amended version of Code § 19.2-303 did not apply in this case.

"[W]hen a statute is amended while an action is pending, the rights of the parties are to be deemed in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights."  *Green*, 75 Va. App. at 75-76 (quoting *Washington v. Commonwealth*, 216 Va. 185, 193 (1975)).  Because "retroactive laws are not favored, . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest."  *Id.* at 79 (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)).  Whether a statute applies retroactively is a question of law that we review de novo.  *Id.* at 76.

*Green* addressed Code § 19.2-306, but its analysis and holding apply equally here.  The legislation amending both Code §§ 19.2-303 and 19.2-306 specifically stated that the statutes were "amended and *reenacted*."  *Id.* at 81 (quoting 2021 Va. Acts Spec. Sess. I ch. 538) (emphasis added)).  A "reenacted" statute means that the enacted changes "are in addition to the existing substantive provisions in that section or act, and are effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date."  Code § 1-238.  Like the amended version of Code § 19.2-306, the amended version of Code § 19.2-303 contains no express language that the statute would be retroactive, thus "compel[ling] a conclusion" that the amendment is "effective prospectively, not retroactively."  *Green*, 75 Va. App. at 81 (quoting *Berner*, 265 Va. at 413-14).

Appellant argues that the amended version of Code § 19.2-303 applied to Condition 1 because he did not violate Condition 1 until he was convicted of the new charges in November

2021.  However, the trial court was informed in November 2019 that appellant had been charged

with the offenses in December 2018, and the court referenced them at the initial revocation

hearing in March 2020.  A "proceeding[]" has been broadly defined "to cover any act, measure,

step or all steps in a course taken in conducting litigation, civil or criminal."  *Gionis v.

Commonwealth*, 76 Va. App. 1,10 (2022) (quoting *Abdo v. Commonwealth*, 218 Va. 473, 478

(1977)); *Green*, 75 Va. App. at 79.  Thus, appellant's revocation proceeding began before July 1,

2021—"the action was begun"—and the amended version of Code § 19.2-303 did not apply in

his case.  *See Gionis*, 76 Va. App. at 11 (holding that where the statute at issue, Code § 18.2-104,

was repealed effective July 1, 2021, but the defendant had committed the subject offense in May

2020, the fact that he was not tried until October 2021, "[did] nothing to negate the circumstance

that criminal proceedings were already well underway against [him] on the date the repeal . . .

became effective"); *Green*, 75 Va. App. at 86 (holding that the trial court did not err in

sentencing Green in accordance with the penalty in effect when he violated his probation and his

revocation proceeding began).

We further hold that appellant's reliance on Code § 1-239 is misplaced because Code

§ 19.2-303 is not merely a procedural statute.  Code § 1-239 provides that new acts of legislation

generally do not repeal a former law, but the procedural aspects of a case "shall conform, so far

as practicable, to the laws in force at the time of such proceedings."  In contrast, a statute that

concerns substantive rights may not be given retroactive effect.  *See Gionis*, 76 Va. App. at 12.

"A law affects substantive rights if it 'deals with [the] creation of duties, rights, and obligations."

*McCarthy v. Commonwealth*, 73 Va. App. 630, 650 (2021) (quoting *Shiflet v. Eller*, 228 Va. 115,

120 (1984)).  This Court held in *McCarthy* that a statutory amendment removing a criminal

punishment in certain drug overdose situations was substantive and did not apply retroactively to

the defendant's case.  *See id.* at 650-51.  In *Gionis*, we held that the repeal of Code § 18.2-104,

which eliminated the felony penalty for committing a third or subsequent larceny offense, affected substantive rights and did not apply retroactively to the defendant's case. 76 Va. App. at 14. Similarly, as amended, Code § 19.2-303 limits the imposition of indeterminate supervised probation to five years and "involves a substantive right to be free from a harsher penalty." *Id.* at 16.

Code § 1-239 also states that "if any penalty . . . or punishment be mitigated by any provision of the new act," in a case decided after the effective date of the new act, the new act may be applied, "with the consent of the party affected." In *Ruplenas v. Commonwealth*, 221 Va. 972 (1981), the defendants argued that the statute mitigating the penalty for marijuana offenses, which they had committed before the effective date of the new statute, should apply to their trial and sentencing, which occurred after the effective date. *Id.* at 974. Addressing the predecessor to Code § 1-239, the Supreme Court held that "the penalty in existence at the time of the offense should be applied unless the Commonwealth first elects to proceed under the new statute and obtains the consent of the defendant to do so." *Id.* at 978. Here, the Commonwealth did not elect to proceed under the amended version of Code § 19.2-303, so the amended statute did not apply to appellant's case.

Accordingly, we hold that the trial court did not err by sentencing appellant to an indeterminate period of supervised probation.

CONCLUSION

For the foregoing reasons, we hold that the trial court did not abuse its discretion in finding that appellant had violated conditions of his probation, revoking his suspended sentence, and reimposing two years of incarceration with an indeterminate period of supervised probation. We therefore affirm the trial court's judgment.

*Affirmed*.