COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Friedman
Argued at Norfolk, Virginia


JAMARR ANDRE GRAVES

v.        Record No. 1986-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE FRANK K. FRIEDMAN
AUGUST 5, 2025


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

Ivan D. Fehrenbach (Dansby & Fehrenbach, on briefs), for appellant.

Justin M. Brewster, Assistant Attorney General (Jason S. Miyares,
Attorney General; Jessica M. Bradley, Assistant Attorney General,
on brief), for appellee.


On July 21, 2023, a jury convicted Jamarr Andre Graves for assault and battery of a law

enforcement officer in violation of Code § 18.2-57(C). On October 30, 2023, the Circuit Court

of the City of Williamsburg and County of James City sentenced Graves to five years of

incarceration with two years and nine months suspended. The court also found that Graves had

violated his probation and revoked his previously suspended sentences and resuspended all but

two years. On appeal, Graves argues that he was acting in self-defense when he attacked the

prison guard. We disagree with Graves's assertions and affirm his conviction.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On March 24, 2010, Graves was sentenced to life imprisonment with all but ten years suspended for robbery; he was also sentenced to ten years of incarceration, all suspended, for malicious wounding. On May 5, 2021, Graves's sentences were revoked and resuspended in part, conditioned upon his uniform good behavior and other terms. Following that probation violation, Graves served an active sentence at the Virginia Peninsula Regional Jail (VPRJ), and he was scheduled to be released from incarceration on August 6, 2021.

On August 6, 2021, Correctional Officer Graham Winstanley was the only VPRJ employee working in Graves's pod at VPRJ. While on duty, Winstanley sat at a desk near the pod's exit door. Before 6:00 a.m., Graves approached Winstanley, "stating that he was supposed to leave at 6 o'clock." Winstanley called, emailed, and radioed other officers, asking when Graves was supposed to be released from VPRJ. They told Winstanley 8:00 a.m., and Winstanley conveyed that information to Graves. Graves became angry, "loud[]," "aggravated," and "aggressi[ve] . . . when he [found out that he] did not get to leave the unit at the time he thought he was supposed to leave."

Winstanley ordered Graves to go back into his cell so that he could open the pod door to bring the inmates' breakfasts into the pod. Graves refused to go into his cell and instead stood by the pod door.[2] Graves yelled at Winstanley to "[o]pen the fucking door," "threaten[ed] [him] to open the door," and said, "[f]uck you. I'm not going anywhere. Suck my dick," and, "I'm going to

---

[1] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] All of this is seen in the surveillance video of the pod, referred to as CW Exh. 1 in the briefs.

kick your ass. I'm going to kill you." The verbal interaction lasted for almost an hour. Winstanley called for help and for a supervisor, but no one answered his call.

Graves then crossed the inmate line in front of Winstanley's desk without permission and "reach[ed] his arm over" the desk, "attempting to start pushing for" the control panel "to open [the] doors." Winstanley continued ordering Graves to return to his cell. Graves refused. Instead, Graves sat on a chair next to the desk. Winstanley continued ordering Graves to return to his cell and "warned him several times" that if Graves did not follow orders, he would use pepper spray.

Eventually, Winstanley sprayed pepper spray at Graves twice, then put "[his] arm down to [his] side." Graves took "a deep breath, st[ood] up, and then lunge[d]" at Winstanley, "push[ed]" him, "wrapped [his arm] around" him, and "grabb[ed] onto [his] shirt." The two "struggle[d]" for about thirty seconds; they then separated. After they separated, and there was a pause in the altercation, Graves reinitiated the physical contact by striking "[Winstanley] with his right hand on the chin." Winstanley "charged him back" in an attempt "to control him," and the two continued to have a "physical altercation" that broke Winstanley's radio and ripped the earpiece out of his ear. Graves and Winstanley separated a second time and walked away from each other.

Graves was charged with assault and battery of a correctional officer. Graves pleaded not guilty and was tried by a jury. The jury found Graves guilty. On July 24, 2023, Graves's probation officer filed a major violation report, asserting Graves's new conviction violated the terms of his 2010 probation for robbery and malicious wounding. The circuit court held a joint sentencing and probation violation hearing on October 23, 2023. Graves entered "no plea" to the probation violations.

The circuit court sentenced Graves to five years of incarceration with two years and nine months suspended for his new conviction. The court also found that Graves violated the terms of

- 3 -

his probation, revoked and resuspended his life sentence for his robbery conviction, and revoked ten years and resuspended eight years for his malicious wounding conviction.

This appeal follows.

ANALYSIS

Graves makes several arguments on appeal, first asserting the circuit court erred in denying Graves's motion to strike because Graves's actions were "clearly in self-defense." Second, Graves argues that the circuit court erred by "giving too much weight to minor issues and not enough weight to the positive factors[]" when the court sentenced Graves to five years for the assault charge. Third, Graves argues the circuit court erred in finding Graves violated his probation because, he argues, the court should not have found him guilty of the assault charge. Fourth, and finally, Graves argues the circuit court abused its discretion in sentencing him to two active years of incarceration on the probation violations. We find no merit in Graves's arguments.

I. Graves waived his first assignment of error.

In his first assignment, Graves argues that the circuit court erred in denying his motion to strike because "[n]o reasonable jury could have found the absence of self-defense beyond a reasonable doubt, and the judge was plainly wrong in refusing to grant Graves'[s] motion to strike." Graves, however, failed to preserve this argument for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable [us] to attain the ends of justice." Rule 5A:18. The objection "must be both *specific* and *timely*." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc). A contemporaneous objection allows opposing counsel

and the trial court a fair opportunity to address the challenge and prevent unnecessary appeals and retrials. *Bethea*, 297 Va. at 743-44; *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010); *Jones v. Commonwealth*, 71 Va. App. 597, 607 (2020).

Graves argues that the "trial court erred when it denied [his] Motion to Strike the evidence because the alleged assault was clearly in self-defense." Graves never addressed his self-defense theory in the motions to strike below. Thus, Graves did not give the circuit court an opportunity to evaluate the self-defense argument that he makes now.

Yet Graves contends we should apply the ends of justice exception. Graves fails to argue *why* we should allow him to take advantage of the exception, and without a compelling argument about why the exception applies here, we are bound by the rules. *Stokes v. Commonwealth*, 61 Va. App. 388, 397 (2013) ("Rule 5A:20(e) requires that when an issue has not been preserved for appellate review, the opening brief shall state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable."); *see also Redman v. Commonwealth*, 25 Va. App. 215, 222 (1997) (noting that an appellant "must demonstrate that he . . . was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur" for the exception to apply). Our review of the record presents no clear miscarriage of justice. In fact, the record reflects that the jury heard both Graves's and Winstanley's testimony and received self-defense jury instructions. Without any argument to the contrary, we do not apply the ends of justice exception sua sponte. *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010). Thus, Graves's self-defense argument is waived, and the ends of justice exception does not apply.[3]

---

[3] Even assuming arguendo Graves had preserved his self-defense theory, he would still lose on the merits of his argument. Reviewing the evidence in the light most favorable to the Commonwealth, Graves was clearly at fault in provoking the conflict with Winstanley. Graves was "aggravated" and "aggressi[ve]," tried to walk out of the pod, crossed the inmate line thus invading Winstanley's space, and disobeyed direct orders repeatedly for almost an hour. Graves admitted that "he was not going to comply with the orders" that Winstanley gave him. Furthermore, Graves swore at Winstanley and threatened to assault and kill him. Graves then

II. The circuit court did not abuse its discretion when it sentenced Graves to two years and three months for assault and battery of a law enforcement officer.

Graves argues that the circuit court erred when it sentenced him by "giving too much weight to minor issues and not enough weight to the positive factors." We review a circuit court's sentencing decision for an abuse of discretion. *See Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Furthermore, "[b]arring clear evidence to the contrary, [we] will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

Here, a sentence of five years of incarceration with two years and nine months suspended did not exceed the statutory maximum of five years. Code §§ 18.2-10, 18.2-57(C). Graves fails to make a substantive legal argument as to how the circuit court abused its discretion when it sentenced him. The record is clear that, in this case, the court balanced all of the mitigating circumstances surrounding Graves's sentence. The court explicitly remarked that it had carefully considered "the good and the bad of [the] situation," taking "both aggravating and mitigating circumstances" into account. The court later expressed concern that Graves had assaulted Winstanley solely because he was supposed to be released from incarceration two hours later than he wanted. The court also reviewed Graves's criminal history, which included burglary, robbery, malicious wounding, and a "host of misdemeanors," such as disorderly conduct and obstruction of

---

tried to access the control panel that operated all of the pod and cell doors. Then, after Winstanley used his pepper spray in an attempt to make Graves comply with his orders, Graves *paused* then chose to stand up and lunge directly at Winstanley. When that altercation ended, Graves *reinitiated* physical contact by punching Winstanley in the face.

justice. Indeed, the court's meticulous consideration of Graves's circumstances presents a reasonable and thoughtful exercise of discretion, and we find no error.

III. The circuit court did not err when it found that Graves had violated the terms of his probation and sentenced him for the same.

In his third assignment of error, Graves argues "the trial court erred when it found [him] in violation of his probation because he should have been found not guilty of the assault charge." Graves fails in his brief to supply us with any substantive legal analysis for the basis of his assertion. Graves simply asks us to resentence him based solely on his waived first assignment of error. His brief thereby fails to comply with Rule 5A:20(e), which requires that briefs include "principles of law and authorities" supporting their argument. *See also Fadness v. Fadness*, 52 Va. App. 833, 850 (2008) ("Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" (alteration in original) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008))). Furthermore, Graves never challenged his probation violation during the October 23, 2023 sentencing hearing. He entered "no plea" and did not address the violation in his closing argument. Graves once again asks that we ignore these deficiencies and asserts the ends of justice exception. Yet he fails to state why the ends of justice exception applies. Thus, Graves's argument is waived, and his argument fails to comply with the ends of justice exception.[4]

---

[4] Even if Graves had preserved his argument, the circuit court had sufficient reason to find that Graves violated the terms of his probation. "[A] trial court may use a conviction pending on appeal as grounds to revoke a suspended sentence." *Yemel'yanov v. Commonwealth*, 76 Va. App. 347, 352 (2023) (citing *Patterson v. Commonwealth*, 12 Va. App. 1046, 1047-48 (1991)). The court found that Graves's conduct towards Winstanley violated the good behavior conditions of his probation and provided a "reasonable cause for revocation." *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960). Thus, the circuit court did not err in finding that Graves violated the terms of his probation.

IV. The circuit court did not err when it imposed two years of active incarceration for the probation violations.

For his fourth assignment of error, Graves contends the circuit court erred in imposing two years of incarceration for his probation violations because the "court's sentence was arbitrary and excessive." "The 'revocation of a suspended sentence lies in the discretion of the trial court and that . . . discretion is quite broad.'" *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012) (alteration in original) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). On appeal from a revocation proceeding, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). In addition, "the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)).

Code § 19.2-306.1(B) states:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

When Graves violated the conditions of his suspended sentences by committing another crime, the circuit court had the authority to reimpose as much of Graves's previously suspended sentence as it deemed fit. In fact, the court could have ordered Graves to serve all of his remaining sentences. *Booker v. Commonwealth*, 61 Va. App. 323, 338 (2012) (holding no abuse of discretion in imposing all eight years of a previously suspended sentence); *Alsberry v. Commonwealth*, 39 Va. App. 314, 320-22 (2002) (holding no abuse of discretion in imposing all twenty-four years and five-and-a-half

months of a previously suspended sentence). Thus, the circuit court here did not abuse its discretion when it revoked Graves's suspended sentence for his probation violation. And the record fully supports the court's sentence.

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*